UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Allan Cullen

   v.                                          Civil No. 12-cv-218-SM

Richard Gerry, Warden,
New Hampshire State Prison

**O R D E R**

Allan Cullen, appearing pro se, has petitioned for a writ of habeas corpus (doc. no. 1). See 28 U.S.C. § 2254. The matter is here for preliminary review to determine whether or not the claims raised in the petition are facially valid and may proceed. See Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts ("§ 2254 Rules").

**§ 2254 Rule 4 Standard**

Pursuant to § 2254 Rule 4, a judge is required to promptly examine any petition for habeas relief, and if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Id. In undertaking this review, the court decides whether the petition contains sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face and cognizable in a federal habeas action.  See McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." (citing § 2254 Rule 4)).

The court undertakes this preliminary review of the petition with due consideration for the petitioner's pro se status.  "[A]s a general rule, . . . we hold pro se pleadings to less demanding standards than those drafted by lawyers and endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects."  Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

## Background

In May 2002, Allan Cullen was convicted of five counts of felonious sexual assault, in violation of N.H. Rev. Stat. Ann. ("RSA") § 632-A:2, and was sentenced in September 2002 to a ten to twenty year stand-committed sentence, a consecutive five to twenty year stand-committed sentence, and three suspended sentences.  Cullen filed a direct appeal, and the New Hampshire Supreme Court ("NHSC") affirmed his conviction and sentence on October 31, 2003.

Cullen and the State each pursued post-conviction proceedings.  The State filed a motion for sentence review in

October 2002.  The Sentence Review Division modified Cullen's sentence in an order issued on March 23, 2006.  An appeal of that decision was filed in the NHSC, and the NHSC affirmed the Sentence Review Division's decision on March 20, 2007.

Cullen filed a motion for a new trial and thereafter, a state petition for writ of habeas corpus.  The superior court denied the motion for a new trial in November 2003, and the NHSC summarily affirmed that order on February 9, 2004.  In October 2004, the state superior court denied Cullen's July 2004 petition for a writ of habeas corpus.  The petition before this court does not indicate whether Cullen appealed that order, and if so, whether and when the NHSC issued an order on that appeal.

On June 4, 2012, Cullen filed a new petition for a writ of habeas corpus in the state superior court.  That petition was pending at the time Cullen filed the § 2254 petition (doc. no. 1) presently before this court.

## Discussion

"A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  In general, the one year period begins to run upon the conclusion of all direct appeals in the state court system, followed by either the completion or denial of

3

certiorari proceedings in the United States Supreme Court, or the expiration of the time allotted for filing a petition for certiorari review by the United States Supreme Court. Id.; see also Ramos-Martínez v. United States, 638 F.3d 315, 320 (1st Cir. 2011); cf. U.S. Sup. Ct. R. 13(1) (petition for writ of certiorari is timely filed within 90 days of entry of state supreme court judgment). That limitation period, however, is subject to the following tolling provision: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

When the limitation period is tolled by a petitioner's pursuit of post-conviction or collateral review in state court, the "application for [state] post-conviction relief is pending from the time it is first filed until [the time it is] finally disposed of and further appellate review is unavailable under the particular state's procedures." Drew v. MacEachern, 620 F.3d 16, 21 (1st Cir. 2010) (internal quotation marks and citations omitted)). In the context of post-conviction or collateral review, as with direct review, final disposition comes either with "the completion of appellate review or the expiration of time for seeking such review." Currie v.

Matesanz, 281 F.3d 261, 266 (1st Cir. 2002) (citing 28 U.S.C. § 2244(d)(1)); Swartz v. Meyers, 204 F.3d 417, 421-25 (3d Cir. 2000) (application for collateral review stopped being "pending" when time for appealing lower state court order expired).

The timeline presented in Cullen's petition suggests that the statute of limitations began to run ninety days after October 31, 2004 (one year after the NHSC affirmed Cullen's direct appeal). That time period was tolled for the duration of the post-conviction proceedings, including the sentence review proceedings. See Wall v. Kholi, 131 S. Ct. 1278, 1284-87 (2011). Such proceedings ended on March 20, 2007, when the NHSC affirmed the decision of the Sentence Review Division.

Cullen filed the instant petition on July 11, 2012, more than five years after the relevant post-conviction proceedings ended. Cullen's filing of a post-conviction motion after that date did not restart AEDPA's limitation period. A "state court petition . . . that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.'" Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (citation omitted); see also Trapp v. Spencer, 479 F.3d 53, 58-59 (1st Cir. 2007).

A district court may dismiss a habeas petition sua sponte on the basis of the statute of limitations, if the time-bar is

apparent on the face of the petition, see § 2254 Rule 4, and if the parties receive fair notice and an opportunity to object. See Day v. McDonough, 547 U.S. 198, 209-10 (2006). The facts stated in Cullen's § 2254 petition indicate that his petition is time-barred; the court can identify no facts in the record which would indicate that the limitations period should be further tolled, whether pursuant to 28 U.S.C. § 2244(d)(2), or any other authority. See, e.g., Holland v. Florida, 130 S. Ct. 2549, 2560 (2010); Drew, 620 F.3d at 23 (petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" of his federal habeas petition (internal quotation marks and citations omitted)). In conformity with Day, 547 U.S. at 209-210, and to avoid unfairness to Cullen, who may yet be able to show that post-conviction proceedings have been continuously pending, or that extraordinary circumstances in his case warrant equitable tolling of the limitations period, the court provides Cullen with thirty days to file an amended petition, demonstrating that the petition is not time-barred.

## Conclusion

For the reasons described above, Cullen is granted leave to file an amended petition for writ of habeas corpus, within 30

days, to demonstrate that his petition is timely. Cullen's failure to comply with this order may result in a recommendation that the petition be dismissed with prejudice as untimely, pursuant to 28 U.S.C. § 2244(d).

    SO ORDERED.

                                                                       _____
                                                            Landya McCafferty
                                                            United States Magistrate Judge

October 10, 2012

cc:   Allan Cullen, pro se

LBM:nmd