UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Allan Cullen

    v.                                                           Civil No. 12-cv-218-SM

Richard Gerry, Warden,
New Hampshire State Prison


**REPORT AND RECOMMENDATION**

Allan Cullen, appearing pro se, has petitioned for a writ of habeas corpus (doc. no. 1) pursuant to 28 U.S.C. § 2254. Cullen filed an addendum to the petition (doc. no. 4) in response to this court's October 10, 2012, order (doc. no. 3) (hereinafter "October 10 Order"). The matter is here for preliminary review to determine whether the claims raised in the petition are facially valid and may proceed. See Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts ("§ 2254 Rules").

**§ 2254 Rule 4 Standard**

Pursuant to § 2254 Rule 4, a judge is required to promptly examine any petition for habeas relief, and if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the

judge must dismiss the petition." Id. The standard applied in undertaking that review is set forth in full in this court's October 10 Order.

## Background

In October 2003, the New Hampshire Supreme Court ("NHSC") affirmed Cullen's 2002 criminal conviction and sentence. Post-conviction litigation initiated by both Cullen and the State ended in March 2007, when the NHSC affirmed a decision of the Superior Court Sentence Review Division modifying Cullen's sentence. Cullen claims in the petition filed in this court that trial counsel provided ineffective assistance of counsel in violation of Cullen's Sixth Amendment right to counsel, and that his conviction and sentence violated his Fourteenth Amendment right to due process, in that prosecutorial misconduct, compounded by trial court error in allowing the alleged misjoinder of "unrelated offenses," resulted in a fundamentally unfair proceeding and sentence.[1]

After Cullen filed his § 2254 petition, this court reviewed that petition and issued the October 10 Order, notifying Cullen that his claims appeared to be time-barred, and directing him to

---

[1] Additional background facts and a procedural history of Cullen's criminal prosecution and post-conviction proceedings are set forth in the October 10 Order (doc. no. 3).

file an amended petition demonstrating why the case should not be dismissed as barred by 28 U.S.C. § 2244(d)(1). The court found that the statute of limitations on Cullen's claims began to run ninety days after October 31, 2004 (one year after the NHSC affirmed Cullen's direct appeal), and that, pursuant to 28 U.S.C. § 2254(d)(2), post-conviction proceedings described in the petition tolled the limitations period until March 20, 2007, when the NHSC affirmed the decision of the Sentence Review Division modifying Cullen's sentence.

In the addendum to the petition (doc. no. 4), Cullen asserts that he filed a motion in superior court in September 2009, seeking access to his trial tapes and transcripts. Proceedings relating to that motion ended on May 17, 2010, when the NHSC denied Cullen's appeal of the order denying the motion. Cullen resubmitted a motion regarding the tapes and transcripts to the superior court, which was denied. The NHSC dismissed his appeal of the superior court's denial on July 28, 2011. Cullen filed additional proceedings thereafter.

## Discussion

A district court may dismiss a habeas petition sua sponte on the basis of the statute of limitations, if the time bar is apparent on the face of the petition, see § 2254 Rule 4, and if

the parties receive fair notice and an opportunity to object. See Day v. McDonough, 547 U.S. 198, 209-10 (2006). This court provided Cullen with such notice and an opportunity to object, and resolution of the statute of limitations issue is therefore proper at this time.

Documents filed by Cullen reveal a two-year gap in state court proceedings, from March 2007 -- when Cullen's appeal of the sentence review proceedings ended and the limitations period accrued -- to September 2009, when Cullen filed a motion relating to his 2002 convictions in state court. During that two-year gap, the limitations period ran out. Nothing in the record before the court provides any basis for this court to find that the limitations period was tolled during that gap or thereafter, in a manner that would allow Cullen's petition to be deemed timely. Proceedings filed after the expiration of the statute of limitations do not reset the statute of limitations. See Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (citation omitted); see also Trapp v. Spencer, 479 F.3d 53, 58-59 (1st Cir. 2007); Dunker v. Bissonnette, 154 F. Supp. 2d 95, 103 (D. Mass. 2001)). The court therefore finds that Cullen's petition (doc. no. 1) is time-barred. Accordingly, this court should dismiss Cullen's petition (doc. no. 1) with prejudice.

## **Conclusion**

For the reasons described above, Cullen's § 2254 petition (doc. no. 1) should be dismissed with prejudice. Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

November 8, 2012

cc:  Allan Cullen, pro se

LBM:nmd